[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17714
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00238-VMC-AEP-3


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCELIANO BANGUERA COLORADO,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 28, 2017)

Before HULL, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Marceliano Banguera Colorado appeals his 108-month sentence, which the district court imposed after he pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States.  Specifically, he argues that the district court erred in denying him a minor role reduction under U.S.S.G. § 3B1.2(b).  After careful review, we vacate and remand for resentencing.

I.

After Colorado pled guilty, the probation office prepared a presentence investigation report ("PSI").  According to the PSI, Colorado and two co-defendants, Luis Alberto Jacome Gobea and Carlos Alberto Marquez Tenorio, used a go-fast vessel to transport 598 kilograms of cocaine from Colombia to Guatemala.  A United States Navy helicopter observed the vessel traveling through international waters and three men onboard discarding cargo into the ocean.  The United States Coast Guard seized the vessel, boarded it, and recovered barrels of cocaine that had been thrown overboard.  Tenorio identified himself as captain of the vessel.

Colorado's PSI calculated a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1) because the offense involved more than 450 kilograms of cocaine.  With a number of guidelines reductions not at issue here, Colorado's total offense level was 33.  He had no criminal history, so the PSI reported his criminal history

category as I.  Colorado's resulting guidelines range was 135 to 168 months' imprisonment (with a 10-year statutory minimum sentence under 21 U.S.C. § 960(b)(1)(B)(ii)).

Colorado objected to the PSI's failure to include a minor role reduction of his offense level.  Colorado asserted that he was merely a deckhand involved in one shipment of cocaine for a larger criminal conspiracy and therefore considerably less culpable than his co-conspirators.  He asserted that his co-defendants Tenorio and Gobea were, respectively, captain and load guard of the vessel, and that he played the most minor role of the three.  He argued that he should have been eligible for a six-level reduction in his offense level under U.S.S.G. §§ 3B1.2(b) and 2D1.1(a)(5).[1]

Colorado renewed his objection at sentencing.  Although Gobea had claimed at sentencing that he was the vessel's deckhand, Colorado reiterated his understanding that Gobea was the vessel's load guard, a more significant role than deckhand.  Colorado asserted that as deckhand he lacked knowledge of the overall criminal enterprise, was uninvolved in any planning of the scheme, exercised no decisionmaking authority over the operation, and had no proprietary interest in the cocaine; he further claimed that he had never before participated in a drug

---

[1] A district court may reduce a defendant's base offense level by two levels if it finds that the defendant was a "minor participant" in the criminal activity.  U.S.S.G. § 3B1.2(b).  If the court grants such a reduction in a drug case with a base offense level of 38 (like Colorado's case), the defendant's base offense level is decreased by a further four levels, for a total of six levels.  *Id.* § 2D1.1(a)(5).

3

trafficking operation.  And, he argued, the fact that he played an essential role in the criminal activity was not determinative of whether a minor role reduction should apply.

The district court overruled Colorado's objection and declined to accept a minor role reduction.  The court reasoned:

> I don't think I've given a minor role provision on these cases, and I'll tell you why . . . .  I've had probably about a hundred of these cases.  It takes all of these individuals working together.  And I understand that in the scheme of things, in your opinion, they may be small players because you have got somebody really important down in . . . Colombia . . . making a whole lot of money, and these people are paid a pittance compared to the millions and millions of dollars.
>
> I certainly understand your argument and where you are coming from, but it still takes all of them to make it happen.  So I don't provide the minor role reduction because I don't think that it's appropriate . . . .

Doc. 99 at 9-10.[2]  The court nonetheless applied a downward departure under U.S.S.G. § 5K1.1 for substantial assistance to the government, reducing Colorado's total offense level to 31, and concluded that the statutory mandatory minimum did not apply because of that reduction.  The district court's calculation reduced Colorado's guidelines range to 108 to 135 months' imprisonment.  The district court sentenced Colorado to 108 months.

---

[2] "Doc." refers to the numbered entry on the district court's docket in this case.  The district court made this statement when overruling an identical objection to the lack of a minor role reduction by Colorado's co-defendant Gobea.  When it addressed Colorado's objection, the court stated:  "I feel the same way as I did for the other gentlemen.  I think it takes all these people working together to make this happen, so I will not give the minor role adjustment."  Doc. 99 at 14.

This is Colorado's appeal.

## II.

At sentencing, the defendant bears the burden of proving by a preponderance of the evidence his entitlement to a role reduction. *United States v. Rodriguez De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc). We review a district court's denial of a role reduction for clear error. *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 1435 (2017). Clear error requires "a definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted). We will not find clear error "[s]o long as the basis of the trial court's decision is supported by the record *and* does not involve a misapplication of a rule of law." *Rodriguez De Varon*, 175 F.3d at 945.

## III.

Colorado challenges the district court's refusal to grant a six-level minor role reduction, arguing that he satisfied his burden to prove his eligibility and that the district court failed to find any facts relevant to his case that would permit it to deny the reduction. As to this second argument, Colorado asserts that the district court's reason for denying the minor role reduction was, impermissibly, based on a single factor and unrelated to the circumstances of his case. Because we agree with this second point, and the consequences for Colorado's guidelines range could

be significant, "we think the wisest course of action is to vacate the district court's decision and remand for resentencing." *Cruickshank*, 837 F.3d at 1195.

When evaluating a defendant's role in an offense, the district court must consider the totality of the circumstances, U.S.S.G. § 3B1.2, comment n.3(C), assessing "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *Rodriguez De Varon*, 175 F.3d at 940.[3] The district court is under no obligation to make "specific subsidiary findings," but it must "clearly resolve[ ] any disputed factual issues" and make "the ultimate determination of the defendant's role in the offense." *Id.* at 939-40 (emphasis omitted). The commentary to U.S.S.G. § 3B1.2 confirms the fact-intensive nature of this inquiry. The commentary provides a non-exhaustive list of factors for the district court to consider, including, among other things, "the degree to which the defendant understood the scope and structure of the criminal activity," "the degree to which the defendant participated in planning or organizing the criminal activity," "the degree to which the defendant exercised decision-making authority," "the nature and extent of the defendant's participation in the

---

[3] Colorado argued in the district court and maintains on appeal that his role should be compared with that of other unnamed co-conspirators. We have explained, however, that the roles of other parties to the offense are relevant "only to the extent that [the other parties] are identifiable or discernable from the evidence . . . . [excluding] participants in any larger criminal conspiracy." *Rodriguez De Varon*, 175 F.3d at 944. Because the unnamed co-conspirators are not identifiable or discernible, we reject Colorado's argument.

6

commission of the criminal activity," and "the degree to which the defendant stood to benefit from the criminal activity." U.S.S.G. § 3B1.2, cmt. n.3(C). "The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." *Id.*

We have cautioned district courts against applying any per se rules for a minor role reduction. *Cruikshank*, 837 F.3d at 1194. In *Cruikshank*, we disapproved of the district court's suggestion that the drug quantity involved in the offense was so large "that no participant in the scheme could ever have been eligible for a minor-role reduction." *Id.* We held that it was "legal error for the district court to say that this is the *only* factor to be considered in a case like this one." *Id.* at 1195. Because the stakes were high for the defendant in *Cruikshank*— he, like Colorado, had sought a six-level reduction in his offense level—we remanded for resentencing, instructing the district court on remand to "perform an inquiry based on the totality of circumstances, taking into account the variety of factors laid out in *De Varon*" and the guidelines commentary. *Id.*

*Cruikshank*'s logic applies here. When it overruled Colorado's objection to the lack of a minor role reduction, the district court suggested that it treated all conspiracy-to-traffic-drugs cases uniformly because in all such cases, "[i]t takes all of these individuals working together." Doc. 99 at 9-10. The court stated that it "d[oes]n't provide the minor role reduction" in any of "these cases," of which the

court had seen "about a hundred." *Id.* The district court gave no other reason for declining to give a minor role reduction. Thus, like in *Cruikshank*, the district court apparently hinged its rejection of a minor role reduction on a single factor rather than a consideration of the totality of the circumstances. *See Cruikshank*, 837 F.3d at 1194-95. This is impermissible. *See id.*

Moreover, the single factor the district court relied upon—that co-conspirators in a drug trafficking enterprise are all essential to the execution of the offense—cannot, under the guidelines, be determinative of whether to give a minor role reduction. *See* U.S.S.G. § 3B1.2, cmt. n.3(C) ("The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative."). This misapplication of law, especially when paired with the district court's failure to consider the totality of the circumstances, constitutes clear error. *See Rodriguez De Varon*, 175 F.3d at 945.

For these reasons, as in *Cruikshank*, we think the wisest course of action is to vacate Colorado's sentence and remand for resentencing. On remand, the district court should perform an inquiry based on the totality of the circumstances, taking into account the factors set forth in the commentary to U.S.S.G. § 3B1.2.

**VACATED AND REMANDED.**